**Balwinder KAUR, Manmeet Singh, Parmeet Singh Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–70849.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Ronald N. Ohata, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Balwinder Kaur and her sons, Manmeet and Parmeet Singh, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") streamlined decision affirming the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse

** This disposition is not appropriate for publication and may not be cited to or by the

credibility finding, *see Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition.

Significant internal inconsistencies in Kaur's testimony, discrepancies between her testimony and her written application, lack of specificity regarding most of her claims, failure to provide any identifying documents, lack of knowledge regarding the political goals of her alleged oppressors, as well as her husband's unexplained lack of involvement in protecting his family, support the IJ's adverse credibility determination. *See id.* at 993–95. Because Kaur and her sons failed to address and explain these inconsistencies and discrepancies, or to provide any form of corroborating evidence to counter the IJ's voiced skepticism, they have failed to establish eligibility for asylum and withholding of removal. *Id.*

The CAT claim raised by Kaur and her sons also fails because they have not shown that it is "more likely than not" that they will be tortured if returned to India. 8 C.F.R. § 208.16(c)(2); *see also id.* at 993.

**PETITION FOR REVIEW DENIED.**